# SUNRISE VILLAGE MOBILE HOME PARK, INC. v. REID, et al.

## Case No. 83-254 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

February 22, 1985

### APPEARANCES OF COUNSEL

**Elliott Heywood Lucas** for appellant.

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel Weiss,** Assistant County Attorney, for appellees.

Before SMITH, KAYE, SALMON, JJ.

### OPINION OF THE COURT

PER CURIAM

In this administrative appeal, Sunrise Village Mobile Home Park,

Inc. challenges the finding by the Dade County Fair Housing and Employment Appeals Board that the exclusion from the mobile home park of the appellee, Reid, impermissibly discriminated against him on the basis of age.

Over a period of years, Sunrise had been developing its mobile home park into a retirement community. In furtherance of this goal, it refused to admit the twenty-nine year old Reid because he was too young and was not retired or nearing retirement. Reid charged Sunrise with discrimination. The Fair Housing Board found that Sunrise was guilty of discrimination in violation of Chapter 11A, Dade County Code,[1] ordered that Reid be admitted to the park and awarded Reid $7,000 in damages as compensation for the humiliation, embarrassment and mental distress which he suffered.

We reverse the Board's decision upon a holding that it results in an unconstitutional restraint on the right of the mobile home park owner to use its property for a legitimate purpose, namely, the creation of a retirement community. To the extent that Chapter 11A, Section 11A of the Dade County Code requires the Board's findings, it is deemed unconstitutional.

Our decision is dictated by the Florida Supreme Court's holding that a housing restriction on the basis of age is not prohibited by the constitution unless such restriction is unreasonably or arbitrarily applied. *White Egret Condominium v. Franklin*, 379 So.2d 346 (Fla. 1980).

. . . Age limitations or restrictions are reasonable means to accomplish the lawful purpose of providing appropriate facilities for the differing housing needs and desires of the varying age groups. We note that Congress has established age limitations in recognizing the need for senior citizen housing by including an age minimum of sixty-two years for occupancy of certain housing developments[2]

---

[1] Section 11 A-3 provides:

In connection with any of the transactions set forth in this section which affects any housing accomodation or in connection with any sale, purchase, rental or lease of any housing accomodation, it shall be unlawful within the incorporated or unincorporated areas of Dade County for a person, owner, financial institution, real estate broker or real estate salesman, or any representative of the above, to:

(1) Refuse to sell, purchase, rent or lease, or otherwise deny to or withhold any housing accomodation or to evict a person because of his race, color, religion, ancestry, natural origin, age, sex, physical handicap, marital status or place of birth;

"Age" is defined in Section 11A(2)(14) of the ordinance as "the chronological age of an individual who is eighteen (18) years or older."

[2] There is no exemption in The Dade County ordinance for such federally funded senior citizen housing projects.

(Citations omitted) *White Egret Condominium v. Franklin, supra,* at 351.

Since the Dade County ordinance does not allow for this judicially determined *reasonable* age restriction, and there is no evidence in the record that the restriction was arbitrarily applied to Reid or that the particular restriction is unreasonable, the category of age must be deleted from the anticipated discrimination ordinance.

Reversed and remanded.